IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA EALUM, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 02-0238-CB-M |
| JO ANNE B. BARNHART, Commissioner of Social Security, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees (Doc. 21) and Defendant's Response to "Petition for Authorization of Attorney Fees" Pursuant to 42 U.S.C. § 406(b) (Doc. 22). After consideration of all pertinent materials in the file, it is recommended that Plaintiff's attorney's Petition for Authorization of Attorney Fees under 42 U.S.C. § 406(b) be granted, without objection, and that Plaintiff's attorney, Byron A. Lassiter, be awarded a fee of $8,665.75 for his services before the Court.

Plaintiff Sandra Ealum hired Mr. Lassiter on July 16, 1999, to pursue her claims for a period of disability and Disability Insurance Benefits after her claims were initially denied at the administrative hearing level. At that time, it was agreed that Mr. Lassiter would receive twenty-five percent of past-due

disability benefits due Plaintiff. A written contingent fee agreement was executed by Plaintiff on March 11, 2002, just prior to filing this action in federal court (Doc. 21, Ex. C).

For the past approximately 5 years and 9 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court. Plaintiff filed applications for a period of disability and Disability Insurance Benefits, which were denied initially and upon reconsideration. The claims were also denied at the hearing level by an ALJ on July 10, 2000. Plaintiff requested review of the hearing decision by the Appeals Council on August 2, 2000, which request was denied by the Appeals Council on February 22, 2002.

After denial of her application for Social Security benefits by the SSA, Plaintiff filed this action on April 11, 2002, for judicial review of that decision (Doc. 1). See 42 U.S.C. §405(g). On December 10, 2002, Judge Steele entered a Report and Recommendation recommending that this action be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings (Doc. 12). On December 30, 2002, the Court adopted the Report and Recommendation reversing the decision of the Secretary and remanding this action to the Secretary for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered Judgment in favor of Plaintiff (Docs. 14 and

15).

Pursuant to the Order of this Court, a hearing was held by the ALJ on May 5, 2004, after which he issued a Fully Favorable Decision on May 28, 2004, finding Plaintiff disabled since October 18, 1997, and entitled to benefits under Title II of the Social Security Act. The Social Security Administration issued a Notice of Award dated January 19, 2005, awarding benefits to Plaintiff and informing her that $13,965.75 was withheld by Defendant in anticipation of direct payment of an authorized attorney’s fee (Doc. 21, Ex. B).

On March 24, 2005, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $8,665.75 (Doc. 21)[1]. The SSA withheld $13,965.75, representing twenty-five percent of past-due disability insurance benefits due Plaintiff for payment of an attorney’s fee. Mr. Lassiter spent a total of 9.30 hours before this Court and has represented Plaintiff before this Court since 2002, when the complaint for judicial review was filed, without compensation for his time spent before this Court (Doc. 21). Defendant has responded that

---

[1] Mr. Lassiter has requested $5,300.00 for his work at the administrative level. This administrative attorney fee when added to the $8,665.75 requested in this Petition results in a total fee request of $13,965.75, which amount equals twenty-five percent of Plaintiff’s past-due benefits.

she does not oppose Mr. Lassiter's request for attorney fees in the amount of $8,665.75 for his work before this Court (Doc. 22)[2].

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[3] The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v.

[2] Defendant in her Response does not address the $5,300.00 Mr. Lassiter requested for work performed at the administrative level pursuant to 42 U.S.C. § 406(a), stating that this issue is not properly before the Court at this time.

[3]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to twenty-five percent of the past-due benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees. The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward. Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as

an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits. Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822. In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822.

Mr. Lassiter filed an Application for Attorney Fees Under the Equal Access to Justice Act on March 25, 2003 (Doc. 16),

Defendant had no objection to it (Doc. 17), and the undersigned, on April 10, 2003, recommended that Mr. Lassiter be awarded an EAJA fee in the amount of $1,162.50 (Doc. 18). By Order dated April 18, 2003, Judge Butler adopted the Report and Recommendation and awarded Mr. Lassiter an EAJA attorney's fee in the amount of $1,162.50 (Docs. 19 and 20), which amount was paid by the Commissioner and is now held in a trust account. In the present Petition for Authorization of Attorney Fees, Mr. Lassiter requests the Court to include a provision in its Order for counsel to pay Plaintiff Sandra Ealum the sum of $1,162.50.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g.*, McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707

> F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriguez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriguez, 865 F.2d at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the twenty-five percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372. A district court, upon finding the contingent-fee agreement

provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction. Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable. Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed twenty-five percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2002 in this Court and has been successful in obtaining past-due benefits for Plaintiff. There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the

contingent-fee agreement. Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter. The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney. The requested fee is not so large as to be a windfall or unreasonable. The Court finds that the requested fee of $8,665.75 is reasonable for the services rendered before this Court.

Therefore, it is recommended that Plaintiff's attorney's Petition for Authorization of Attorney Fees be granted, without objection, and that Plaintiff's attorney be awarded a fee of $8,665.75 for his services before this Court and that Mr. Lassiter refund to Plaintiff the sum of $1,162.50, which sum represents the EAJA fee he was awarded.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings

and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 6th day of May, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE